# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

**DAVID UTISS, JR.**                                                          **PLAINTIFFS**

**VS.**                          **NO. 4:08CV01201**

**CITIFINANCIAL MORTGAGE CO., INC.,**
**HOMEQ SERVICING, and**
**BARRY S. SCHERMER, Chief Judge,**
United States Bankruptcy Court,
Eastern District of Missouri                                                **DEFENDANTS**

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Pending are motions to dismiss filed on behalf of Defendant CitiFinancial Mortgage Company, Inc. and Barry S. Schermer. (Docket #'s 5 and 9). Plaintiff has not responded to the motions. For good cause shown, the motions to dismiss are granted.

### Facts

On August 18, 2008, Plaintiff, David Utiss, Jr. filed his *pro se* complaint against Defendants, CitiFinancial Mortgage Company, Inc., Homeq Servicing and Barry S. Schermer, Chief Judge, United States Bankruptcy Court, Eastern District of Missouri. Plaintiff's complaint is difficult to understand, but stems from the foreclosure of his home at 109 Mill Pond Drive, O'Fallon, Missouri, 63366. Plaintiff contends that Judge Schermer committed judicial misconduct in dismissing an adversary proceeding Plaintiff filed in the United States Bankruptcy Court for the Eastern District of Missouri.

Plaintiff's complaint refers to a "Note" and a claim on his home made by CitiFinancial Mortgage Company, Inc. Plaintiff claims that the Defendants "in collusion have been making false claims and this counterclaim and notice lis pendens are now in the 'original exclusive

cognizance' of the United States through the district court."

Defendants argue that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. Defendant Schermer also claims that he is entitled to judicial immunity.

## Standard of Review

A federal district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, actions "where the matter in controversy exceeds the sum or value of $75,000. . . and is between citizens of different States . . . ," 28 U.S.C. §1332, and "actions of admiralty or maritime jurisdiction" 28 U.S.C. §1333. The Court must analyze the issue of federal subject matter jurisdiction as provided under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Unlike analysis under Rule 12(b)(6), Rule 12(b)(1) allows the Court to consider matters outside of the pleadings.

> [H]ere the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction--its very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990)(quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

## Discussion

Plaintiff's claim against Judge Schermer is barred by doctrine of judicial immunity. Judges performing judicial functions enjoy absolute immunity from civil suits. *Mireles v. Waco*,

2

502 U.S. 9, 11 (1991) (Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.). Further, judicial immunity is not overcome by allegations of bad faith or malice. *Id*. This immunity can be overcome in only two sets of circumstances: A judge is not immune from liability for non judicial actions and for actions taken in the complete absence of jurisdiction. *Id.*

Plaintiff's claim against Judge Schermer is based on his dissatisfaction with Judge Schermer's rulings in Plaintiff's bankruptcy case. Specifically, Plaintiff complains that Judge Schermer "signed an order dated June 25, 2008 dismissing and closing the matter . . . [and] refused to hear the matter of unfair banking and lending practices . . . . " The challenged conduct is within the normal judicial functions taken by Judge Schermer in his judicial capacity. Additionally, Judge Schermer did not act in the clear absence of all jurisdiction. The scope of a judge's jurisdiction "must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Thus, "[a] judge will not be deprived of immunity because the action he took is in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Id*. at 356-57. Judge Schermer had jurisdiction to consider and decide the bankruptcy case before him and Plaintiff has failed to allege any facts which, if accepted as true, would suggest that he acted in the clear absence of all jurisdiction. Accordingly, Judge Schermer is entitled to judicial immunity and Plaintiff's complaint against him is hereby dismissed.

Plaintiff's complaint against the remaining Defendants must be dismissed for lack of subject matter jurisdiction. "A plaintiff has the burden of establishing subject matter jurisdiction." *Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006). Although "pro se complaints

3

are to be construed liberally . . . they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff claims that "the district court for the Eastern District of Missouri has acquired exclusive original cognizance of this counterclaim for the United States because this is a federal question - a Constitutional matter involving a man on the land complaining about theft and kidnap - Title 18 U.S.C. §§661 and 1201 respectively and irregular extradition from the asylum state into the United States custody, treason-Constitution, Article III §3 and Title 18 U.S.C. §2381 by an agent of a foreign principal, creating diversity of citizenship - Title 28 U.S.C. §§1331 and 1333 respectively."

Diversity jurisdiction requires that the amount in controversy exceed $75,000 and complete diversity of citizenship among the litigants exist. Because both the Plaintiff and Defendant Schermer are residents of Missouri, diversity jurisdiction does not exist.

Federal question jurisdiction exists only when a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Plaintiff's claims based on the foreclosure of his home and the dismissal of his bankruptcy adversary proceeding do not state a cause of action based in federal law or which necessarily depend on a resolution of a substantial question of federal law.

Finally, Plaintiff's claims relating to the foreclosure of his home and dismissal of his

bankruptcy adversary proceeding do not invoke admiralty jurisdiction. *See Acceptance Ins. Co. v. SDC, Inc.*, 952 F.Supp 644, 645 (E.D.Mo. 1997) (A party seeking to invoke admiralty jurisdiction must satisfy a two-part test: (1) locality, that is, the site of the waterway, and (2) nexus, that is, the status of the vessel or activities and the connection with maritime activities.").

For these reasons, Defendants' motions to dismiss, docket #'s 5 and 9, are granted. The clerk is directed to close the case.

IS SO ORDERED this 5th day of March, 2009.

.  
                                                */s/ James M. Moody*  
                                                James M. Moody  
                                                United States District Judge